**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YUANYUAN ZHANG,<br><br>              *Plaintiff*,<br><br>v.<br><br>CHAUNRONG ZHANG, THE BELT AND ROAD GROUP, INC., AND HUI CHI CHANG,<br><br>              *Defendants*. | Civil Action No. _____<br><br>**VERIFIED COMPLAINT FOR DAMAGES AND PUNITIVE DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Yuanyuan Zhang ("Plaintiff") allege as follows as and for her Complaint against Defendants Chaunrong Zhang, The Belt and Road Group, Inc. ("Belt and Road Group") and Hui Chi Chang ("Chang") (collectively, "Defendants"):

## I. PRELIMINARY STATEMENT

1.      This action arises out of the intentional, egregious, and duplicitous conduct of the Defendants, who, in shocking and contumacious disregard of Plaintiff Zhang's rights, fraudulently duped Ms. Zhang out of nearly One Hundred Thousand dollars ($100,000.00) via purported investments into what Defendant Zhang represented to be his own cryptocurrency token called "BRCS." Defendant Zhang represented that the BRCS tokens he was advertising and offering via his company, Defendant The Belt and Road Group, Inc.("BRG"), were real, decentralized, capable of providing returns, and that the project associated with the BRCS tokens had intrinsic value. As a means of inducing reliance and as part of a fraudulent scheme perpetuated upon Plaintiff, Defendant Zhang *guaranteed* Plaintiff over One Million Dollars ($1,000,000.00) in returns on her investment and represented that he could do this because he had "personal control" over the price

of BRCS. Defendant Zhang also told the Plaintiff on a multitude of occasions that her investment with him would be "risk-free."

2.      Yet following a series of promises and representations by Defendant Zhang which had no basis in fact, Ms. Zhang's concerns over her investment grew. When it became apparent that all of her money was either stolen by Defendants and/or lost, Defendant Zhang stopped responding to Plaintiff's inquiries and completely disregarded her as an investor.  Defendant Zhang has ceased all correspondence with Plaintiff and refuses to communicate with her at all at this time.

3.      By way of background, and following Ms. Zhang's investment into Defendant Zhang's cryptocurrency, Defendant Zhang embarked on a continuing scheme of dishonesty and deceit in an attempt to assuage Plaintiff Zhang's fears regarding the safety of her investment.

4.      For example, in October of 2018, Defendant Zhang informed the Plaintiff that he was negotiating an investment into BRCS from a Saudi business group and that he was expecting the price of BRCS to rise to $1,000 per BRCS token.

5.      Contrary to the assurances made by Defendant Zhang, the purported investments into BRCS never took place and from May 2019 through June 2019 the price of BRCS dropped precipitously.

6.      Following this drop, Plaintiff Zhang reached out to Defendant Zhang due to her worry about the state of her investment.

7.      Defendant Zhang stated that he had reorganized BRCS and was deliberately lowering the market price to allow large buyers into the investment. He also assured Plaintiff that the price of BRCS would rise on July 5, 2019.

8.      Like all of his previous assurances, these, too, turned out to be false, as throughout 2019 and 2020 the price of BRCS continued to drop, eventually selling for $0.01 per BRCS in

early-2020, a fraction of the value that she purchased BRCS at, which was $10.52, causing Ms. Zhang's "risk-free investment" to completely disappear.

9.      When Plaintiff Zhang inquired about the collapse of BRCS, Defendant Zhang informed her that the situation was temporary, and the price would rebound after the COVID-19 pandemic ended. However, no such rebound took place, Ms. Zhang was never provided with updates concerning the status of her investment, and BRCS' price continued to plummet and/or remain well below the amount she paid for the BRCS tokens.

10.      In or around February 2021, Plaintiff Zhang put Defendant Zhang on notice that she required the immediate return of her investment.

11.      On March 18, 2021, and aligned with his promises to Plaintiff that her investment was "risk free," Defendant agreed to return Plaintiff Zhang's investment via monthly transfers.

12.      Throughout 2021, Defendant Zhang made various small transfers to Ms. Zhang, returning about 1/5th of her investment into BRCS.

13.      On or about April 10, 2021, Defendant Zhang informed Plaintiff Zhang that he would continue transferring over $6,000.00 to Plaintiff Zhang every month until her investment was fully returned.

14.      However, in or around June 2021, and after having only paid back approximately RMB 120,082.00 of the RMB 600,000 owed, Defendants' repayments to Plaintiff ceased.

15.      Following further inquiries by Plaintiff Zhang, Defendant Zhang informed her that she should open a Firstrade stock account so that he could transfer larger amounts to Plaintiff Zhang from the account of his ex-wife, Defendant Huichi Chang.

16.      In accordance with this agreement, on or about August 11, 2021, Defendant Zhang provided Plaintiff with a notarized Cash &/or Security Journal Request Form signed by Defendant

Chang and dated June 2, 2021, which would provide Plaintiff with 400 shares of FAS ETF[1], valued at about $40,000.00.

17.    However, when Plaintiff Zhang submitted this form to Firstrade, she was informed that the Form could not be accepted as it had expired on July 2, 2021 – one month prior to her receipt of the Journal Request Form (the "Form").

18.    Thereafter, and on or about December 4, 2021, Plaintiff Zhang and Defendant Chang met in Irvine, California for the purpose of acquiring a new, unexpired Form to submit to Firstrade. Defendant Chang agreed, at that time, to sign a new form before a notary so that Ms. Zhang could receive her promised shares.

19.    Plaintiff Zhang again submitted the updated Form to Firstrade, only to be told by Firstrade's customer service department that Defendant Chang had just revoked authorization of her notary on the updated Form.   As a result, Plaintiff was unable to submit the Form and it became apparent that a fraud was being committed upon her.

20.    Since Defendants' malfeasance began, Plaintiff Zhang has consistently pleaded with the Defendants, asking them to return the fraudulently obtained investment.  Despite such requests and pleas, Defendants Zhang and Chang have ignored these requests.

21.     Plaintiff has, at all times, performed in accordance with the terms of the various agreements with Defendant Zhang; yet Defendants have not upheld their part of the agreement with Plaintiff Zhang.

22.    Plaintiff seeks compensatory damages in an amount to be determined at trial, but not less than seventy-seven thousand one hundred and eighty-six dollars and forty-six cents

---

[1] FAS is an exchange-traded fund ("ETF") listed on the NYSEArca with a current value of $89.22 per share as of April 26, 2022.

($77,186.46) representing the amount of money that Plaintiff was fraudulently induced into investing in Defendants' fraudulent cryptocurrency, plus interest.

23.     Plaintiff further seeks punitive damages in an amount to be determined at trial, but not less than seven hundred and seventy-one thousand eight hundred and sixty-four dollars and sixty cents ($771,864.60) due to the Defendants' conduct, which recklessly and immorally disregarded the rights of Ms. Zhang and should not be countenanced by the Court.

## II.  JURISDICTION

24.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the Parties are of diverse citizenship and the amount in question exceeds $75,000.00, exclusive of interest and costs. Further, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and Section 22 of the Securities Act [15 U.S.C. § 77v] because Plaintiffs allege violations of the Securities Act and Securities Exchange Act.

25.     Defendants are subject to personal jurisdiction in this District. It was in this district that Defendants committed a substantial part of the acts or omissions that caused injury to Plaintiff.

26.     This Court has further specific personal jurisdiction over each Defendant because each Defendant has sufficient contacts with the forum district that are directly related to the wrongful acts alleged in this Complaint.

27.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1)(2) and (c) because Defendants Zhang and Belt and Road Group reside in this district and a substantial part of the events or omissions giving rise to this Action occurred in this district.

## III. PARTIES

28.     Plaintiff Yuanyuan Zhang is a natural person and citizen of Los Angeles, California.

29. Defendant Chaunrong Zhang is a natural person and citizen of Elmhurst, New York.

30. Defendant The Belt and Road Group, Inc. is a corporation incorporated in Elmhurst, New York.

31. Defendant Hui Chi Chang is a natural person and citizen of Irvine, California.

## IV. FACTUAL ALLEGATIONS

### The Fraudulent Inducement

32. Plaintiff Zhang is an immigrant and individual who resides in California.

33. On or around September 28, 2018, Plaintiff Zhang was approached by Defendant Zhang, principal of Belt and Road Group ("BRG"), regarding the opportunity to invest in his new cryptocurrency called BRCS. In his pitch to Plaintiff Zhang, he stated that numerous institutions were planning on investing in BRCS and that the expected price would rise to $40,000.00 for each BRCS. A true and correct copy of the September 28, 2018 text messages between Plaintiff Zhang and Defendant Zhang are attached hereto as **Exhibit "A."**

34. In further pitches to Plaintiff Zhang, Defendant Zhang stated that any investment made by Plaintiff Zhang would be risk-free and that she was guaranteed profits of over $1,000,000.00 because Defendant Zhang personally controlled the price of BRCS. Plaintiff Zhang was hesitant and did not initially invest her funds.

35. At the time of her investment, the price of each BRCS was $10.52.

36. On September 29, 2018, Defendant Zhang continued to pressure Plaintiff Zhang into investing in BRCS, stating that he was close to closing a deal with the son of Li Ka-shing, world famous business magnate and Hong Kong's richest man. He stated that due to this investment, the price of each BRCS would soon rise to $50.00 per BRCS. A true and correct copy

of the September 29, 2018 text messages between Plaintiff Zhang and Defendant Zhang are attached hereto as **Exhibit "B."**

37. Upon information and belief, all statements made by Defendant Zhang that Li Ka-shing's son would be investing into BRCS were false and were only made to fraudulently induce Plaintiff Zhang into investing her money in BRCS.

38. Due to Defendant Zhang's assurances that any investment into BRCS was risk-free and that Plaintiff Zhang was guaranteed to earn high profits for any investment made into BRCS, Plaintiff Zhang invested RMB 600,000.00 (about $89,145.10 as of May 10, 2022) into BRCS. A true and correct copy of Plaintiff Zhang's bank transaction activity for September 30, 2018 is attached hereto as **Exhibit "C."**

39. Conveniently for Defendant Zhang, he did not have Plaintiff Zhang deposit her investment into the bank account of Belt and Road Group, but rather into his own personal Industrial and Commercial Bank of China ("ICBC") account. *See* **Exhibit "C."**

40. Following Plaintiff Zhang's transfer of RMB 600,000.00 into Defendant Zhang's personal bank account, Defendant Zhang transferred 9028 BRCS through the app Imtoken on October 2, 2018 for a price of approximately $10.52 for each BRCS. A true and correct copy of the October 2, 2018 text messages between Plaintiff Zhang and Defendant Zhang confirming the transfer of 9028 BRCS is attached hereto as **Exhibit "D."**

**Further Fraudulent Activities in Furtherance of the Illicit Scheme**

41. On October 17, 2018, Defendant Zhang informed Plaintiff Zhang that he was negotiating an investment into BRCS from a Saudi business group and that he was expecting the price of BRCS to rise to $1,000.00 per BRCS. A true and correct copy of the October 17, 2018

text messages between Plaintiff Zhang and Defendant Zhang informing her of the upcoming Saudi investment is attached hereto as **Exhibit "E."**

42. Upon information and belief, all statements made by Defendant Zhang that a Saudi business group would be investing into BRCS were false and only made to convince Plaintiff Zhang that her investment was safe.

**BRCS' Precipitous Drop in Value and Further Fraudulent Activity**

43. Contrary to all promises made by Defendant Zhang to Plaintiff Zhang, from May 2019 through June 2019, the price of BRCS dropped precipitously. A true and correct copy of the value of BRCS from May 2019 through June 2019 is attached hereto as **Exhibit "F."**

44. At this time, Plaintiff Zhang reached out to Defendant Zhang due to her worry about the state of her investment. Defendant Zhang stated that he had reorganized BRCS and was *deliberately manipulating/lowering the market* price to allow large buyers into the investment. He also assured her that the price of BRCS would rise on July 5, 2019.

45. Unsurprisingly, these assurances, too, turned out to be false, as throughout 2019 and 2020 the price of BRCS continued to drop, eventually selling for $0.01 (0.095% of the value of her initial investment) per BRCS in early-2020. Her RMB 600,000 ($89,145.10 as of May 10, 2022) investment was now worth RMB 570.34 ($84.74 as of May 10, 2022).

46. Plaintiff Zhang's "risk-free investment" completely disappeared.

47. When Plaintiff Zhang inquired about the collapse of BRCS, Defendant Zhang informed her that the situation was temporary, and the price would rebound after the COVID-19 pandemic ended.

**Plaintiff Zhang's Demand for the Return of Her Investment and Defendant Zhang's Agreement to Return Plaintiff's Investment**

48.     In or around February 2021, Ms. Zhang, having lost her job and income due to the COVID-19 pandemic, put Defendant Zhang on notice that she required the immediate return of her investment as had been promised to her. A true and correct copy of the February 2021 text messages between Plaintiff Zhang and Defendant Zhang are attached hereto as **Exhibit "G."**

49.     On March 18, 2021, Defendant Zhang agreed to return Ms. Zhang's RMB 600,000.00 investment in monthly transfers. A true and correct copy of the March 18, 2021 text messages between Plaintiff Zhang and Defendant Zhang in which Defendant Zhang promised monthly payments to Plaintiff Zhang are attached hereto as **Exhibit "H."**

50.     Throughout 2021, Defendant Zhang made a number of small transfers to Plaintiff Zhang totaling RMB 120,082.00 ($17,841.20 as of May 10, 2022) or, about, 1/5th of her investment in BRCS.

51.     On or about April 10, 2021, Defendant Zhang informed Plaintiff Zhang that he would continue to transfer $6,000.00 to Plaintiff Zhang every month until her investment was fully returned. A true and correct copy of the April 10, 2021 text messages between Plaintiff Zhang and Defendant Zhang are attached hereto as **Exhibit "I."**

52.     Defendant Zhang again did not live up this promise.

53.     In or around June 2021, Plaintiff Zhang inquired about the status of Defendant Zhang's payments to her, and he informed her that she should open a Firstrade stock account so that he could transfer large amounts to Plaintiff Zhang from his ex-wife, Defendant Hui Chi Chang's, investment accounts. A true and correct copy of the June 2021 text messages between Plaintiff Zhang and Defendant Zhang are attached hereto as **Exhibit "J."**

54. In accordance with this agreement, on or about August 11, 2021, Defendant Zhang provided Plaintiff Zhang with a notarized Cash &/or Security Journal Request Form signed by Defendant Chang and dated June 2, 2021, which would provide Plaintiff Zhang with 400 shares of FAS, valued at about $40,000.00 (in August 2021). A true and correct copy of the June 2, 2021 Cash &/or Security Journal Request Form (the "Form") is attached hereto as **Exhibit "K."**

55. When Plaintiff Zhang submitted this form to Firstrade, she was informed that the form had expired on July 2, 2021.

56. On or about December 4, 2021, Plaintiff Zhang and Defendant Chang met in Irvine, California for the purpose of acquiring a new, unexpired Form. Defendant Chang agreed, at that time, to sign a new Form before a notary so that Plaintiff Zhang would receive her shares pursuant to the agreement with Defendant Zhang. A true and correct copy of the December 4, 2021 Form is attached hereto as **Exhibit "L."**

57. Plaintiff Zhang submitted the December 4, 2021 Form to Firstrade, but was informed by Firstrade's customer service that Defendant Chang had canceled the submission two days earlier.

58. In other words, despite outwardly representing to Plaintiff that she would have the form notarized and make efforts to ensure that Plaintiff be compensated, Defendant Chang and the Defendants did the exact opposite by cancelling the notary authority associated with the Form and instructing First Trade to terminate the Form, rendering it without any force or effect.

**Plaintiff Zhang Has Been Damaged By Defendants' Conduct**

59. Once it became entirely clear that a fraud had been committed upon Plaintiff, Plaintiff Zhang made many more attempts to have Defendant Zhang return the fraudulently obtained investment - Defendants Zhang and Chang have consistently ignored her requests.

60.     Indeed, in March of 2022, Plaintiff Zhang sent Defendants a formal legal demand for return of her investment, which, as of today's date, has been completely ignored by Defendants. A copy of this demand is annexed hereto as **Exhibit "M."**

61.     Plaintiff Zhang has, at all times, performed in accordance with the terms of the various agreements with Defendant Zhang, while Defendant Zhang has breached his various agreements.

62.     Plaintiff Zhang is currently owed RMB 479,918.00 ($71,303.89 as of May 10, 2022), plus interest, for a total of $77,186.46, due to Defendant Zhang's breach of his agreement to return Plaintiff's investment.

63.     The conduct of Defendants was clearly malicious, oppressive, and in reckless disregard of Plaintiff's rights, thus allowing for an award of punitive damages.

## V.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Fraudulent Inducement**
**(Against Defendants Zhang and Belt and Road Group)**

64.     Plaintiff realleges all of the above allegations as if fully set forth herein.

65.     As described above, Defendants Zhang and Belt and Road Group made false representations of material fact regarding, at least, the status of BRCS, incoming investments from wealthy investors, and the authenticity of their business.

66.     Specifically, Defendants induced reliance on the part of the Plaintiffs by stating, inter alia:

    a.  Via text message on September 28, 2018, Defendant Zhang represented that numerous institutions were planning on investing in BRCS and that the expected price would rise to $40,000.00 for each BRCS;

b. On that same day, Defendant Zhang stated that Plaintiff's investment would be risk free and that he guaranteed profits of over $1,000,000.00; and

c. Via text message on September 29, 2018, Defendant Zhang represented that he was close to closing a deal with the son of Li Ka-shing, world famous business magnate and Hong Kong's richest man, and that the price of each BRCS would soon rise to $50.00 for each BRCS due to this investment.

67. Defendants Zhang and Belt and Road Group knew these representations were false when made and Defendants intended that Plaintiff rely on these statements in transferring RMB 600,000.00 to Defendant Zhang's personal bank account on September 30, 2018.

68. Plaintiff justifiably relied on Defendant Zhang and Belt and Road Group's false representations when she invested RMB 600,000.00 for BRCS.

69. Defendants Zhang and Belt and Road Group carried out the acts necessary to fraudulently induce Plaintiff to transfer RMB 600,000.00 to Defendant Zhang.

70. Additional specific details of the fraudulent conduct, namely the wrongful taking of Plaintiff's funds and/or the intentional manipulation of the Tokens at issue, are in the sole possession of the Defendants.

71. As a result of Defendants fraudulent conduct, Plaintiff has suffered damages in an amount to be determined at trial, but not less than $77,186.46.

**SECOND CAUSE OF ACTION**
**Unjust Enrichment**
**(Against Defendants Zhang and Belt and Road Group)**

72. Plaintiff realleges all of the above allegations as if fully set forth herein.

73. Plaintiff conferred benefits on Defendants Zhang and Belt and Road Group by transferring RMB 600,000.00 to them on September 30, 2018.

74.     Defendants Zhang and Belt and Road Group knowingly accepted these benefits.

75.     Defendants Zhang and Belt and Road Group returned only RMB 120,082.00 to Plaintiff following their agreement to return the entirety of her investment.

76.     Defendants Zhang and Belt and Road Group thus have retained the benefits of RMB 479,918.00 to this day.

77.     It is against equity and good conscience that Defendants Zhang and Belt and Road Group retain such benefits, and the same should be disgorged and returned to Plaintiff.

78.     Defendants Zhang and Belt and Road Group are thus liable to Plaintiff in an amount to be determined at trial, but not less than $77,186.46.

**THIRD CAUSE OF ACTION**
**Violation of Securities Act Section 12**
**(Against Defendants Zhang and Belt and Road Group)**

79.     Plaintiff realleges all of the above allegations as if fully set forth herein.

80.     Section 12(a) of the Securities Act (15 U.S.C. § 77l[a]) grants Plaintiff a private right of action against any person who offers or sells securities in violation of Section 5 (15 U.S.C. § 77[e]), and states that such person:

> shall be liable … to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security.

81.     Defendants Zhang and Belt and Road Group, by engaging in the conduct described herein, (a) sold securities in violation of Section 5 of the Securities Act, and (b) directly or indirectly made use of means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or to actually sell securities, or to carry or cause such

securities to be carried through the mails or in interstate commerce for the purpose of sale or for delivery after sale.

82.     Defendants Zhang and Belt and Road Group are "sellers" within the meaning of the Securities Act because they or their agents solicited Plaintiff's investments in BRCS tokens.

83.     As a direct and proximate result of Defendants Zhang and Belt and Road Group's unregistered sale of securities, Plaintiff has suffered damage in connection with their purported RMB 600,000 purchase of Defendant Zhang and Belt and Road Group's cryptocurrency token securities and Defendants Zhang and Belt and Road Group are liable to Plaintiff for compensatory damages in an amount not less than $77,186.46.

## FOURTH CAUSE OF ACTION
### Violation of Securities Act Section 10(B) and Rule 10(B)(5)
### (Against Defendants Zhang and Belt and Road Group)

84.     Plaintiffs reallege all of the above allegations as if fully set forth herein.

85.     As more fully set forth in the factual allegations above, Defendants Zhang and Belt and Road Group, through the use of mail and the means and instrumentalities of interstate commerce, fraudulently induced Plaintiff to purchase investments, being marketed by the Defendants herein through the use of materially false and misleading messages, statements, and other documents.

86.     Defendants Zhang and Belt and Road Group knowingly transmitted to Plaintiff and directly disseminated materially false and misleading statements, as more fully described above, describing and recommending the purchase of securities and investments in BRCS tokens purchased by the Plaintiff.

87.     At the time of the misstatements and omissions and concealments as described above, Defendants Zhang and Belt and Road Group knew or reasonably should have known that

such statements were materially false and misleading, and omitted facts required in order to make the statements made, in light of the circumstances under which they were made, not misleading, but knowingly or recklessly made such statements to Plaintiff in order to induce her to purchase the investments.

88.     Plaintiff reasonably relied upon the information provided to her and statements made by Defendants Zhang, as principal of Defendant Belt and Road Group. At the time of such investments, Plaintiff had no knowledge that the information and recommendations provided by the Defendants contained material misstatements of material facts and omission or concealments of material facts.

89.     Further, by claiming that Defendant Zhang personally controlled the price of the BRCS tokens, which, allegedly, would make the investment "risk free," and guaranteeing a large profit to Plaintiff, Defendant Zhang was blatantly committing Securities fraud under the laws of the United States.

90.     Plaintiff would not have purchased the securities/BRCS tokens but for the materially false and misleading information provided to her by Defendant Zhang.

91.     As a direct and proximate result of Defendants Zhang and Belt and Road Group's unregistered sale of securities, Plaintiff has suffered damage in connection with their purported RMB 600,000 purchase of Defendant Zhang and Belt and Road Group's cryptocurrency token securities and Defendants Zhang and Belt and Road Group are liable to Plaintiff for compensatory damages in an amount not less than $77,186.46.

**FIFTH CAUSE OF ACTION**
**Breach of Contract**
**(Against Defendant Zhang and Belt and Road Group)**

92.     Plaintiff realleges all of the above allegations as if fully set forth herein.

93.    Defendant Zhang represented to Plaintiff that if she invested RMB 600,000.00, he would return her funds on demand and that there would be no-risk associated with this investment.

94.    Defendants agreed to return Plaintiff Zhang's investment of RMB 600,000.00, which he had induced her into transferring to himself.

95.    Plaintiff performed under the Agreement by submitting RMB 600,000.00 to Defendants.

96.    Despite Plaintiff's full performance under the agreement to return her investment, Defendants have failed and refused to return her investment, in breach of the agreement.

97.    Between March of 2021 and today, Defendant Zhang has only returned RMB 120,082 of Plaintiff's investment.

98.    Further, in August of 2021, Defendant Zhang agreed to transfer 400 shares of FAS to Plaintiff as partial repayment of her investment. With the aid of his ex-wife, Defendant Chang, Defendant Zhang canceled all transfers of the shares to Plaintiff

99.    Defendant s have clearly breached their agreement with Plaintiff.

100.    As a direct result of Defendants' breach of the agreement to return Plaintiff's investment, Plaintiff has suffered damages in an amount to be determined at trial, but not less than $77,186.46.

### SIXTH CAUSE OF ACTION
**Promissory Estoppel**
**(Against Defendants Zhang and Belt and Road Group)**

101.    Plaintiff realleges all of the above allegations as if fully set forth herein.

102.    In the alternative, Defendants Zhang and BRG are liable to Plaintiff for promissory estoppel.

103.    Defendant Zhang sufficiently and unambiguously promised that if Plaintiff invested RMB 600,000.00 in BRCS, he would return her funds on demand and that there would be no-risk associated with this investment. Further, Defendants sufficiently and unambiguously promised to return Plaintiff Zhang's investment, which he had induced her into transferring to himself.

104.    Plaintiff's reliance on these promises was foreseeable by Defendants because Defendant made guarantees and assurances based on their status as a cryptocurrency company.

105.    As a result of Defendants' promises, Plaintiff invested nearly RMB 600,000.00 in BRCS.

106.    Further, despite Plaintiff's request to return her investment, which Defendants promised they would do on demand, Defendants have failed and refused to return her investment, causing damages.

107.    Between March of 2021 and today, Defendant Zhang has only returned RMB 120,082 of Plaintiff's investment.

108.    Further, in August of 2021, Defendant Zhang agreed to transfer 400 shares of FAS to Plaintiff as partial repayment of her investment. With the aid of his ex-wife, Defendant Chang, Defendant Zhang canceled all transfers of the shares to Plaintiff

109.    As a direct result of Defendants' promises to return Plaintiff's investment and subsequent failure to do so upon request, Plaintiff has suffered damages in an amount to be determined at trial, but not less than $77,186.46.

### SEVENTH CAUSE OF ACTION
**Aiding and Abetting Fraud**
**(Against Defendant Chang)**

110.    Plaintiff realleges all of the above allegations as if fully set forth herein.

111. Defendants Zhang and Belt and Road Group committed overt acts of fraud and other unlawful conduct as described above.

112. Defendant Chang had knowledge of such fraud and other unlawful conduct.

113. Defendant Chang substantially assisted the perpetration of such fraud and other unlawful conduct by, *inter alia*, cancelling the submission of the Form to Firstrade and making representations that she would assist with the return of Plaintiff's funds, which were due and owing to Plaintiff.

114. As a result of Defendant Chang's aiding and abetting, Plaintiff has suffered damages in an amount to be determined at trial, but not less than $77,186.46.

## EIGHTH CAUSE OF ACTION
### Fraudulent Misrepresentation
### (Against Defendants Zhang and Belt and Road Group)

115. Plaintiff realleges all of the above allegations as if fully set forth herein.

116. Defendants Zhang and Belt and Road Group made false representations of material fact regarding the status of BRCS and made a multitude of misrepresentations concerning investments from wealthy investors and business groups and the purported safety of Plaintiff's investment so that they could dupe Plaintiff into investing RMB 600,000.00 into BRCS, which was transferred into Defendant Zhang's personal bank account.

117. Specifically, these statements included:

    a. That numerous institutions were planning on investing in BRCS and that the expected price would rise to $40,000 for each BRCS;

    b. That the investment made by Plaintiff would be risk-free and that she was guaranteed profits of over $1,000,000.00;

    c. That Defendant Zhang personally controlled the price of BRCS;

    d. That the son of Li Ka-shing, Hong Kong's richest man, would be investing in BRCS and that the price would soon rise to $50.00 for each BRCS; and

e. That Defendant Zhang was negotiating an investment into BRCS fro a Saudi Arabian business group and that he was expecting the price of BRCS to rise to $1,000.00 per BRCS.

118. Defendants Zhang and Belt and Road Group knew these statements were false when they were made.

119. Defendants Zhang and Belt and Road Group intended for Plaintiff to rely on these false statements.

120. Plaintiff justifiably relied on the false statements when Plaintiff invested RMB 600,000.00 into BRCS.

121. As a result of Defendant Zhang and Belt and Road Group's fraudulent conduct, Plaintiff has suffered damages in an amount to be determined at trial, but not less than $77,186.46.

## NINTH CAUSE OF ACTION
### Quantum Meruit
### (Against Defendants Zhang and Belt and Road Group)

122. Plaintiff realleges all of the above allegations as if fully set forth herein.

123. Without Plaintiff Zhang's investment, Defendants would not have been able to further their company and cryptocurrency scheme.

124. Plaintiff Zhang invested RMB 600,000.00 in good faith and with the reasonable expectation that she would receive a return on her investment, which was promised to her by Defendant Zhang.

125. Defendant Zhang encouraged and accepted Plaintiff's investment without protest or complaint and knew that Plaintiff Zhang was guaranteed a return on her investment by Defendant Zhang.

126. Although Plaintiff has demanded return of her investment, Defendants have failed and refused to pay such sum and the amount remains unpaid.

**127.** As a result of Defendant Zhang and Belt and Road Group's conduct, Plaintiff has suffered damages in an amount to be determined at trial, but not less than $77,186.46.

## Punitive Damages

128. The conduct of Defendants described above is outrageous. Defendants' conduct that harmed the Plaintiff was malicious, oppressive, and in reckless disregard of the Plaintiff's rights. The acts and omissions described above were willful and performed with actual or implied malice. Punitive and exemplary damages are therefore appropriate and should be imposed in this instance.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to enter Judgement against Defendants as follows:

(a) As to the first cause of action, compensatory damages in a sum of money that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and in an amount not less than $77,186.46, together with punitive damages in an amount sufficient to punish and deter the Defendants, in an amount not less than $771,864.60.

(b) As to the second cause of action, compensatory damages in a sum of money that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and in an amount not less than $77,186.46, together with punitive damages in an amount sufficient to punish and deter the Defendants, in an amount not less than $771,864.60.

(c) As to the third cause of action, compensatory damages in a sum of money that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and in an amount not less than $77,186.46, together with punitive damages in an amount sufficient to punish and deter the Defendants, in an amount not less than $771,864.60.

(d) As to the fourth cause of action, compensatory damages in a sum of money that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and in an amount not less than $77,186.46, together with punitive damages in an amount sufficient to punish and deter the Defendants, in an amount not less than $771,864.60.

(e) As to the fifth cause of action, compensatory damages in a sum of money that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and in an amount not less than $77,186.46, together with punitive damages in an amount sufficient to punish and deter the Defendants, in an amount not less than $771,864.60.

(f) As to the sixth cause of action, compensatory damages in a sum of money that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and in an amount not less than $77,186.46, together with punitive damages in an amount sufficient to punish and deter the Defendants, in an amount not less than $771,864.60.

(g) As to the seventh cause of action, compensatory damages in a sum of money that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and in an amount not less than $77,186.46, together with punitive damages in an amount sufficient to punish and deter the Defendants, in an amount not less than $771,864.60.

(h) As to the eighth cause of action, compensatory damages in a sum of money that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and in an amount not less than $77,186.46, together with punitive damages in an amount sufficient to punish and deter the Defendants, in an amount not less than $771,864.60.

(i) As to the ninth cause of action, compensatory damages in a sum of money that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and in an amount not less than $77,186.46, together with punitive damages in an amount sufficient to punish and deter the Defendants, in an amount not less than $771,864.60.

(j) An award of reasonable attorneys' fees and costs;

(k) Further relief as this Court deems just and proper.

Dated: May 10, 2022
New York, NY

Respectfully submitted,

**ROSS PITCOFF LAW**

/s/Ross E. Pitcoff
Ross E. Pitcoff, Esq.
*Attorneys for Plaintiff*

250 Park Avenue, 7th Floor
New York, NY 10177
Tel: (646) 580-3204
ross@rosspitcofflaw.com

## <u>VERIFICATION</u>

Yuanyuan Zhang, being duly sworn, deposes, and says: I am the Plaintiff in this within action. I have read the foregoing Complaint, and its factual contents are true to my personal knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe it to be true.

*Yuanyuan Zhang*
YUANYUAN ZHANG

Sworn to before me this
_lo_ day of _May_, 2022

Notary Public
SEE
ATTACHED

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of San Bernardino

Subscribed and sworn to (or affirmed) before me on this 10th day of May , 20 22 , by _____,
_____ Yuanyuan Zhang _____
proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

MARISSA RODRIGUEZ
Notary Public · California
San Bernardino County
Commission # 2334707
My Comm. Expires Oct 23, 2024

(Seal)                              Signature_____

Verification