**EXHIBIT M**

March 10, 2022

**VIA EMAIL:** jacky6628@hotmail.com

**VIA FEDERAL EXPRESS**

Chaunrong Zhang
The Belt and Road Group, Inc.
9307 50th Avenue, 3rd Floor
Elmhurst, NY 11373

**RE:**     Yuanyuan Zhang v. Chaunrong Zhang, The Belt and Road Group, Inc., et al

**CONFIDENTIAL/WITHOUT PREJUDICE/ALL RIGHTS RESERVED/FOR SETTLEMENT PURPOSES ONLY**

Dear Mr. Zhang,

Please be advised that our firm has been retained to represent the interests of Yuanyuan Zhang ("Sarah Zhang" or Zhang") in the above referenced matter. This letter is written to put You and Your company on notice that they are liable for compensatory and punitive damages for the fraud, misrepresentations, and breach of contract committed by You against Ms. Zhang as described below.

On or around September 28, 2018, You approached Ms. Zhang regarding an investment opportunity into Your cryptocurrency called BRCS. In your pitch to Ms. Zhang, you stated that numerous institutions were planning on investing in BRCS and that the expected price would rise to $40,000.00 for each BRCS. A true and correct copy of your September 28, 2018 text message to Ms. Zhang is attached hereto as **Exhibit "A."** In further pitches to Ms. Zhang, you stated that any investment made by Ms. Zhang would be risk-free and that she was guaranteed profits of over $1,000,000.00, as You, personally, controlled the price of BRCS.

On September 29, 2018, you continued to pressure Ms. Zhang into investing in BRCS, stating that You were close to closing a deal with the son of Li Ka-shing, world-famous business magnate and Hong Kong's richest man, and the price of each BRCS would soon rise to $50.00 for each BRCS due to his investment. A true and correct copy of Your September 29, 2018 text messages to Mrs. Zhang are attached hereto as **Exhibit "B."**

Due to Your assurances that any investment into BRCS was risk-free and that Ms. Zhang was guaranteed to earn high profits for any investment made into BRCS, Ms. Zhang invested RMB600,000.00 (about $94,929.20 as of March 10, 2022) into BRCS. A true and correct copy of

Ms. Zhang's bank transaction activity for September 30, 2018 is attached hereto as **Exhibit "C."** Conveniently for You, You had Ms. Zhang transfer the above-referenced funds into Your personal Commercial Bank of China ("ICBC") account. *See* **Exhibit "C."**

Following Ms. Zhang's transfer of RMB600,000 into Your personal bank account, you transferred 9028 BRCS through the app Imtoken on October 2, 2018 for a price of approximately $10.52 for each BRCS. A true and correct copy of Your October 2, 2018 text message with Ms. Zhang confirming transfer of 9028 BRCS is attached hereto as **Exhibit "D."**

On October 17, 2018, You informed Ms. Zhang that You were negotiating an investment into BRCS from a Saudi Arabian business group and that You were expecting the price of BRCS to rise to $1,000.00 per BRCS. A true and correct copy of Your October 17, 2018 text message to Ms. Zhang informing her of the upcoming Saudi investment is attached hereto as **Exhibit "E."**

Contrary to Your promises to Ms. Zhang, from May 2019 through June 2019 the price of BRCS dropped precipitously. A true and correct copy of the value of BRCS from May 2019 through June 2019 is attached hereto as **Exhibit "F."** At this time, Ms. Zhang reached out to You due to her worry about the state of her investment and You stated that You had reorganized BRCS and were deliberately lowering the market price to allow large buyers into the investment. You also assured her that the price of BRCS would rise on July 5, 2019.

These assurances, too, turned out to be lies, as throughout 2019 and 2020 the price of BRCS continued to drop, eventually selling for $0.01 per BRCS in early-2020, causing Ms. Zhang's "risk-free investment" to completely disappear. When Ms. Zhang inquired about the collapse of BRCS, You informed her that the situation was temporary and the price would rebound after the COVID-19 pandemic ended.

In or around February 2021, Ms. Zhang, having lost her job and income due to the COVID-19 pandemic in 2020**,** put You on notice that she required the return of her investment or that she would be filing a lawsuit against You for Your fraudulent conduct committed against her. A true and correct copy of the February 2021 text messages between You and Ms. Zhang are attached hereto as **Exhibit "G."**

On March 18, 2021, You agreed to return Ms. Zhang's RMB600,000.00 investment in monthly transfers. True and Correct Copies of the March 18, 2021 text messages in which you promised monthly payments to Ms. Zhang are attached hereto as **Exhibit "H."** Throughout 2021, You made various small transfers to Ms. Zhang, totaling RMB120,082 or, about, 1/5th of her investment in BRCS.

On or about April 10, 2021, You informed Ms. Zhang that You would continue transferring over $6,000.00 to Ms. Zhang every month until her investment was fully returned. A true and correct copy of Your April 10, 2021 text message to Ms. Zhang is attached hereto as **Exhibit "I."**

As you are well aware, You did not live up to this promise. In or around June 2021, Ms. Zhang inquired about the status of Your payments to her and you informed her that she should open a Firstrade stock account so that You could transfer larger amounts to Ms. Zhang from Your ex-wife

Helen's investment accounts. A true and correct copy of Your June 2021 text messages to Ms. Zhang are attached hereto as **Exhibit "J."**

In accordance with this agreement, on or about August 11, 2021, You provided Ms. Zhang with a notarized Cash &/or Security Journal Request Form signed by Huichi Chang and dated June 2, 2021, which would provide Ms. Zhang with 400 shares of FAS, valued at about $40,000.00 in August 2021. A true and correct copy of the June 2, 2021 Cash &/or Security Journal Request Form (the "Form") is attached hereto as **Exhibit "K."** When Ms. Zhang submitted this form to Firstrade, she was informed that the form had expired on July 2, 2021.

On or about December 4, 2021, Ms. Zhang and Huichi Chang met in Irvine, California for the purpose of acquiring a new, unexpired Form. Ms. Chang agreed, at that time, to sign a new Form before a notary so that Ms. Zhang would receive her shares from You. A true and correct copy of the December 4, 2021 Form is attached hereto as **Exhibit "L."** Ms. Zhang again submitted this form to Firstrade, but was informed by Firstrade's customer service that Huichi Chang had canceled the submission two days earlier. Following this fraudulent conduct, Ms. Zhang has consistently attempted to have You return the fraudulently obtained investment and You and Huichi Chang have ignored her requests.

While Ms. Zhang has, at all times, performed in accordance with the terms of the various agreements with You have not upheld your part of the agreement with Ms. Zhang. Specifically, and as you are aware, Ms. Zhang is currently owed RMB479,918.00. Remarkably, You have failed to return the full amount of Ms. Zhang's investment. This violative conduct extended throughout the remainder of 2021 and into 2022 leaving an outstanding balance due and owing to Ms. Zhang in the amount of RMB479,918.00 or approximately $75,930.38, as of March 10, 2022.

Yet despite Ms. Zhang's remarkable patience, and in contumacious disregard of her rights, **you have refused to return her investment for the amount due and owing pursuant to Your March 18, 2021 Agreement with her**, despite multiple demands made for same.

**Be advised that your conduct starting in September 2018 constitutes fraud, fraudulent inducement, and fraudulent misrepresentation and your refusal to return Ms. Zhang's investment, as agreed to on March 18, 2021, renders You in breach of contract and/or promissory estoppel**. *See RCN Telecom Services, Inc. v. 202 Centre Street Realty LLC.*, 156 F.App'x 349, 350-51 (2d Cir. 2005) ("The elements of a breach of contract claim in New York are: (1) the existence of a contract, (2) performance by the party seeking recovery, (3) non-performance by the other party, and (4) damages attributable to the breach"); *See Pearce v. Manhattan Ensemble Theater, Inc.*, 528 F.Supp. 2d 175 (S.D.N.Y. 2007) ("In New York, promissory estoppel has three elements: (1) an unambiguous promise; (2) reasonable and foreseeable reliance on the promise; and (3) injury as a result of the reliance"); *See Crigger v. Fahnestock and Co., Inc.*, 443 F.3d 230, 234 (2d Cir. 2006) ("Under New York law, the five elements of a fraud claim must be shown by clear and convincing evidence: (1) a material misrepresentation or omission of fact; (2) made by defendant with knowledge of its falsity; (3) an intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (5) resulting damage to the plaintiff"); *See Kriegel v. Donelli*, 11 Civ. 9160 (ER) (S.D.N.Y. 2014) ("Under New York law, the elements of a claim for fraudulent inducement are: (1) defendant knowingly made a

misrepresentation of a material fact; (2) with the intent to deceive another party and induce that party to act on it; (3) plaintiff reasonably relied upon the representation; and (4) as a result of such reliance plaintiff suffered damage"); *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 784 (2d Cir. 2003) ("To succeed on a theory of fraudulent misrepresentation under New York law, a plaintiff must show that the defendant made a false representation of a material fact to the plaintiff and that the plaintiff suffered injury as a result of justifiable reliance upon that fact").

There can be absolutely no excuse for your failure to return the entirety of Ms. Zhang's investment. You made numerous promises to her that You would return her investment and, as of today's date, You have failed to do so. Your conduct, which included various lies about incoming investments by wealthy individuals from Hong Kong and Saudi Arabia, during the pendency of Ms. Zhang's investment into BRCS clearly constitutes fraud, fraudulent inducement, and fraudulent misrepresentation and renders you culpable for both compensatory damages for the full amount of Ms. Zhang's investment and punitive damages in an amount to be determined at trial, but at least ten times the amount of Ms. Zhang's investment (i.e., approximately $1,000,000.00). *See CMG Holdings Grp. v. Wagner*, 15-cv-5814 (JPO) (S.D.N.Y. 2016).

**Therefore, demand is hereby made that you return the entirety of Ms. Zhang's investment in the amount of $75,930.38, payable immediately.**

**Be advised that should you fail to remit payment by Friday, March 18, 2022**, Ms. Zhang has every intention of an initiating an action against you in the Federal Courthouse located in the Eastern District of New York.

To the extent you wish to resolve this matter amicably, we ask that you expeditiously contact the undersigned.

Please note this letter is sent without prejudice, with a full reservation of rights, and for settlement purposes only.

Please be guided accordingly.

Very truly yours,

**ROSS PITCOFF LAW**

/s/ Dennis P. Ryan
Dennis P. Ryan, Esq.

cc: Hui Chi Chang
Chaung_donna@yahoo.com
Chaungdonna@yahoo.com
457 Stanford Ct.
Irvine, California 92612