UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
YUANYUAN ZHANG,                                    :
                                                   :
                       Plaintiff,            :
                                                   :        REPORT AND
   -against-                                      :        RECOMMENDATION
                                                   :
CHUANRONG ZHANG, THE BELT AND ROAD                 :        No. 22-CV-02745-WFK-JRC
GROUP, INC., AND HUI CHI CHANG,                    :
                                                   :
                     Defendants.           :
                                                   :
-------------------------------------------------------------------- x

JAMES R. CHO, United States Magistrate Judge:

## Introduction

Plaintiff Yuanyuan Zhang ("plaintiff") commenced this action against defendants Chuanrong[1] Zhang, The Belt and Road Group, Inc., and Hui Chi Chang (collectively, "defendants") for allegedly defrauding plaintiff out of $77,186.46 through the purported purchase of a "cryptocurrency token called 'BRCS.'" *See* Compl. ¶¶ 1, 22, Dkt. 1.[2] Plaintiff raised, *inter alia*, claims of fraud and breach of contract. When defendants failed to file an answer or otherwise appear in this action, the Clerk of the Court entered default against defendants. *See* Certificate of Default, Dkt. 22. Plaintiff thereafter filed a motion for default judgment along with a request for attorney's fees. *See* Mot. for Default J., Dkt. 24. The Honorable William F. Kuntz, II, granted the motion for default judgment and awarded plaintiff

---

[1] The Court granted the motion to amend the caption to reflect the correct spelling of defendant Zhang's first name on April 18, 2023. Order dated Apr. 19, 2023, Dkt. 26.

[2] Plaintiff appears to invoke diversity jurisdiction as one basis for this Court's jurisdiction. However, the Court questions whether diversity jurisdiction exists because plaintiff is a "citizen of Los Angeles, California," Compl. ¶ 28, and defendant Hui Chi Chang is a "citizen of Irvine, California," Compl. ¶ 31. Plaintiff also invokes federal question jurisdiction. Compl. ¶ 24.

damages in the amount of $77,186.46, pre-judgment interest in the amount of $38,211.49, and statutory post-judgment interest of 5.18 percent. *See* Order dated June 12, 2023, Dkt. 29. The Court also awarded plaintiff "reasonable attorney's fees, costs and disbursements." *Id*.

On October 20, 2023, plaintiff filed a one-page letter motion and proposed order setting forth the "exact figures for post-judgment interest, attorneys' fees and costs." *See* Letter Mot. dated Oct. 20, 2023 ("Fee Pet."), Dkt. 31; Proposed Order, Dkt. 31-1.[3] Plaintiff initially requested attorney's fees of $23,373.02 and costs in the amount of $627. *See id.* The Honorable William F. Kuntz, II, referred plaintiff's proposed order, including the request for attorney's fees, to the undersigned. *See* Order Referring Mot. dated Oct. 23, 2023, Dkt. 32.

The Court subsequently directed plaintiff to supplement the request for attorney's fees by providing "contemporaneous billing records reflecting the time spent performing each part of their work on this case, as well as information about counsel's background and experience," and paid receipts. *See* Order dated July 18, 2024. On August 13, 2024, plaintiff filed a supplemental motion for attorney's fees that included information regarding counsel's experience and the work performed in this matter. *See* Mot. for Atty's Fees ("Supp. Fee Pet."), Dkt. 34. In plaintiff's supplemental fee petition, plaintiff requested fees of $24,680.50 (instead of $23,373.02) and costs in the amount of $325 (instead of $627). Dkt. 34.[4]

Currently pending before this Court are plaintiff's fee petition and, to the extent it supplements and supersedes the fee petition, plaintiff's supplemental fee petition. *See* Fee Pet., Dkt. 31; Order Referring Mot. dated October 23, 2023; Supp. Fee Pet., Dkt. 34. For the reasons

---

[3] Plaintiff incorrectly filed the letter as a "Second Motion for Default Judgment." This Court construes plaintiff's letter as a petition for attorney's fees and costs.

[4] Plaintiff does not explain the discrepancy between the amount of attorney's fees and costs sought in the supplemental fee petition as opposed to the original fee petition. *See generally* Supp. Fee Pet., Dkt. 34.

described below, this Court recommends **denying** plaintiff's motion for attorney's fees, **granting** in part plaintiff's motion for costs, and **denying** plaintiff's motion for a specific amount of post-judgment interest at this time.

**Background**

The following facts are taken from the Complaint (Dkt. 1) and assumed to be true for purposes of this motion. Plaintiff invested approximately $77,186.46 into purported investments that defendant Zhang represented to be his own cryptocurrency token called "BRCS." Compl. ¶¶ 1, 22. The BRCS cryptocurrency tokens were advertised and offered through defendant Zhang's company, The Belt and Road Group, Inc. *Id.* ¶ 1. At the time of the purported purchase, defendant Zhang "*guaranteed* Plaintiff over One Million Dollars ($1,000,000.00) in returns on her investment . . . ." *Id*. At the time plaintiff purportedly purchased the BRCS tokens, she paid $10.52 per BRCS. *Id.* ¶ 8. Defendant Zhang characterized the investment as "risk free." *Id.* ¶ 1. After the alleged purchase of BRCS, the price of BRCS continued to drop and eventually dropped to a price of $0.01 per BRCS in early 2020. *Id.* ¶ 8.

At some point in time, plaintiff became aware that defendants had likely lost or misappropriated her investment. *Id.* ¶ 2. Plaintiff notified defendant Zhang in February 2021 that she required the immediate return of her investment. *Id.* ¶ 10. In March 2021, defendant Zhang agreed to return plaintiff's investment in monthly installment payments. *Id.* ¶ 11. Defendant Zhang made several transfers between March 2021 and June 2021, and returned approximately one fifth of the money that plaintiff had invested into BRCS. *Id.* ¶¶ 12–14. Since then, defendants have not made any further repayments to plaintiff. *See id.* ¶¶ 15–20.

On May 11, 2023, plaintiff filed a Complaint against defendant Zhang, Zhang's ex-wife (defendant Hui Chi Chang), and The Belt and Road Group, Inc. *See* Compl., Dkt. 1. Defendant

3

Chang was served on July 14, 2022, and her response to the Complaint was due August 4, 2022. *See* Dkt. 17. Service upon defendants Zhang and The Belt and Road Group, Inc. was initially unsuccessful and defendants Zhang and The Belt and Road Group, Inc. were later served via email on October 25, 2022. *See* Dkts. 14–15, 19. Their responses to the Complaint were due November 15, 2022. *See* Dkt. 19. To date, defendants have failed to respond to the Complaint and have otherwise failed to appear in this action.

## Discussion

### I. Basis for Awarding Attorney's Fees

On June 12, 2023, the Court granted plaintiff's motion for default judgment and awarded plaintiff "reasonable attorney's fees." Order dated June 12, 2023, Dkt. 29. However, to assess whether the requested attorney's fees are "reasonable," the Court must determine whether plaintiff is, in fact, entitled to an award of fees in the first instance. Under the American rule, "attorneys' fees are the ordinary incidents of litigation and may not be awarded to the prevailing party unless authorized by agreement between the parties, statute, or court rule." *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 199 (2d Cir. 2003); *see also Icestone, LLC v. Matec S.R.L. et al.*, No. 09-CV-01292, 2011 WL 4460505, at *4 (E.D.N.Y. Sept. 9, 2011), *report and recommendation adopted*, 2011 WL 4464210 (E.D.N.Y. Sept. 26, 2011) ("Under the American Rule . . . it is well established that attorney's fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor." (internal quotation marks and citations omitted)); *Grace v. Ludwig*, 484 F.2d 1262, 1267 (2d Cir. 1973) ("In American jurisprudence the general rule is that a successful litigant is not permitted to recover his [or her] attorney's fees as damages or as reimbursable costs."); *Reiter v. Maxi-Aids, Inc.*, No. 14-CV-03712, 2019 WL 1641306, at *3 (E.D.N.Y. Apr. 16, 2019) ("Absent a statutory or contractual basis for recovery

4

of attorneys' fees, the American Rule applies.").[5]  Further, when calculating reasonable attorney's fees, "the number of hours spent on a case should include only those hours spent on claims eligible for fee-shifting.  Hours spent solely on common law claims and statutory claims not subject to fee-shifting must be excluded to reflect the default rule that 'each party must pay its own attorney's fees and expenses.'" *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 168 (2d Cir. 2011) (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 550 (2010)).

Here, plaintiff's filings contain no reference to the statutory or contractual basis upon which plaintiff seeks to recover attorney's fees. *See, e.g.*, Compl. at 20 (requesting "[a]n award of reasonable attorneys' fees and costs"); Mot. for Default J., Dkt. 24 ("Plaintiff seeks compensatory damages, punitive damages, attorneys' fees and costs, and any further relief the Court deems just and appropriate.").  To the contrary, plaintiff's own supplemental fee petition acknowledges that "Rule 54(d)(1) provides that 'costs—*other than attorney's fees*—should be allowed to the prevailing party.'" Mem. of Law in Support of Supp. Fee Pet., Dkt. 34-4 at ECF page[6] 2 (emphasis added) (quoting Fed. R. Civ. P. 54(d)(1)).  Further, Section 12 of the Securities Act (Third Cause of Action) and Section 10(b) and Rule 10(b)(5) of the Securities and Exchange Act (Fourth Cause of Action) do not provide for fee shifting.[7]  *See, e.g.*, *Deng v. 278 Gramercy Park Grp. LLC*, No. 12-CV-07803, 2014 WL 1016853, at *4, *19 (S.D.N.Y. Mar. 14,

---

[5] There are also three common law exceptions to the American rule, however none of these exceptions apply to the facts of this case as alleged in the Complaint.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (explaining that federal courts have the inherent power to grant attorney's fees:  (1) "to a party whose litigation efforts directly benefit others"; (2) against a party who has willfully disobeyed a court order; or (3) against a party who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons" (citation omitted)).

[6] References to the page numbers generated by the Court's electronic case filing system appear as "ECF page."

[7] Count 4 refers to a "[v]iolation of Securities Act Section 10(B) and Rule 10(B)(5)."  *See* Compl. at 13.  The Court construes this as a request for relief under Section 10(b) and Rule 10(b)(5) of the Securities and Exchange Act.

2014), *report and recommendation adopted*, 2014 WL 4996255 (S.D.N.Y. Oct. 7, 2014) (citing to a contractual provision as the basis for awarding attorney's fees in a case alleging "violations of Section 10(b) and Rule 10b–5 of the Securities Exchange Act, Sections 12(a)(2), 15(a), and 17(a) of the Securities Act, and Rule 506 of Regulation D of the Securities Act, as well as certain common law causes of action"). Finally, although plaintiff appears to rely on Rule 54(d) as a basis for attorney's fees, plaintiff has failed to satisfy the requirements of Rule 54(d).[8] Specifically, Rule 54(d) requires that a motion for attorney's fees "specify the judgment *and the statute, rule, or other grounds* entitling the movant to the award." *See* Fed. R. Civ. P. 54(d)(2)(B) (emphasis added).

Because plaintiff offers no legal basis for deviating from the American rule, and because this Court is unable to identify such a basis *sua sponte*, this Court recommends denying plaintiff's motion for attorney's fees.

**II.     Costs**

Plaintiff seeks to recover litigation-related costs in the amount of $325, including $225 for service of process and a $100 fee paid for investigative services related to the Servicemembers Civil Relief Act. *See* Supp. Fee Pet., Dkt. 34; Decl. of Ross Pitcoff ¶ 18, Dkt. 34-1. These expenses are included on counsel's invoices, and plaintiff provided receipts for the costs. *See* Invoice Nos. 62, 156, Dkt. 34-2 at ECF pages 3, 7; Dkt. 34-3. As the prevailing party, plaintiff is entitled to costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides

---

[8] Rule 54(d) of the Federal Rules of Civil Procedure is a *procedural* rule that does not provide a substantive basis for deviating from the American rule and awarding attorney's fees to the prevailing party. *See* Fed. R. Civ. P. 54(d). Rather, Rule 54(d) governs the procedural requirements for submitting a motion for attorney's fees.

6

otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."); *Florez v. L & C Brand Realty Inc. et al.*, No. 24-CV-00543, 2024 WL 3992720, at *4 (E.D.N.Y. July 29, 2024), *report and recommendation adopted*, 2024 WL 3986642 (E.D.N.Y. Aug. 29, 2024) ("Plaintiff is the prevailing party because defendants are in default, having failed to respond to the lawsuit . . . ."). Costs include certain litigation-related expenses such as filing fees and fees for service of process. *See Gunter v. Silver's Crust W. Indian Rest. & Grill, Inc.*, No. 18-CV-01804, 2021 WL 966147, at *4 (E.D.N.Y. Feb. 25, 2021), *report and recommendation adopted*, 2021 WL 964921 (E.D.N.Y. Mar. 15, 2021) (Kuntz, J.) (awarding costs for filing fee and fee for service of process); Local Civ. R. 54.1(c)(10) (listing fees for a process server as taxable costs). However, "investigative fees are generally not considered costs." *Castillo v. Chapines LLC*, No. 22-CV-00203, 2024 WL 1452324, at *12 (E.D.N.Y. Feb. 16, 2024), *report and recommendation adopted*, Order dated Mar. 4, 2024 (denying plaintiff's request for $204 for investigative services related to the Servicemembers Civil Relief Act). Thus, this Court recommends granting plaintiff's request for costs in part and awarding plaintiff costs in the amount of **$225** ($325 - $100).

### III. Interest

Although plaintiff's proposed "updated" order includes $38,211.49 for pre-judgment interest and post-judgment interest in the amount of $1,301.38, *see* Dkt. 31-1, the Court already awarded plaintiff pre-judgment interest in the amount of $38,211.49, *see* Order dated June 12, 2023, Dkt. 29.

In terms of statutory post-judgment interest, the Court previously awarded plaintiff statutory post-judgment interest at the rate of 5.18 percent. *See id.* However, the Court does not recommend setting an exact amount for the post-judgment interest at this time because post-

7

judgment interest continues to accrue until the "date of payment." 28 U.S.C. § 1961(b); *Trustees of Pavers & Rd. Builders Dist. Council Welfare, Pension, & Annuity Funds v. Cape Mount Heavy Constr. & Assocs., LLC*, No. 22-CV-05050, 2023 WL 5830338, at *9–*10 (E.D.N.Y. July 31, 2023), *report and recommendation adopted*, 2023 WL 5287218 (E.D.N.Y. Aug. 17, 2023) (recommending awarding plaintiffs "post-judgment interest, to be calculated in accordance with 28 U.S.C. § 1961(a) and (b) from the date of the entry of judgment to the *date of payment*" (emphasis added)); *Bd. of Trustees of Bricklayers & Allied Craftworkers Loc. 3, New York (Rochester Chapter) Pension Fund v. Upstate Specialty Coatings LLC*, No. 23-CV-06250, 2024 WL 376652, at *9 (W.D.N.Y. Feb. 1, 2024) (granting plaintiffs' motion for default judgment and awarding plaintiffs, *inter alia*, "post-judgment interest on the judgment at the rate prescribed by law under 29 U.S.C. § 1961(a), which shall continue to accrue *until the judgment is satisfied*" (emphasis added)).

## Conclusion

For the reasons stated above, this Court respectfully recommends denying plaintiff's motion for attorney's fees, but awarding plaintiff **$225** in costs. The Court already has awarded plaintiff pre-judgment interest in the amount of $38,211.49. *See* Order dated June 12, 2023, Dkt. 29. Further, this Court does not recommend setting post-judgment interest in the amount of $1,310.38 at this time because post-judgment interest continues to accrue until the "date of payment." 28 U.S.C. § 1961(b).

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court directs plaintiff's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail on **all defendants**, and by email on **defendants**

**Chuanrong Zhang** and **The Belt and Road Group, Inc**. Counsel shall file proof of service on ECF by **September 10, 2024**.

Any objections to the recommendations made in this Report must be filed with the Honorable William F. Kuntz, II, within 14 days after the filing of this Report and Recommendation and, in any event, on or before **September 20, 2024**. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under the former ten-day limit).

    **SO ORDERED**

Dated: Brooklyn, New York
       September 6, 2024

                                          s/ James R. Cho
                                          James R. Cho
                                          United States Magistrate Judge